**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ELIZABETH SHIFLET,** on behalf of herself and others similarly situated, | : | |
| | : | |
| | : | |
| **Plaintiff**, | : | |
| | : | CASE NO. 2:20-cv-3428 |
| v. | : | |
| | : | JUDGE |
| **HEALTHCARE VENTURES OF OHIO, LLC** | : | |
| c/o CPM Statutory Agent Corp. | : | MAGISTRATE JUDGE |
| 950 Goodale Blvd., Suite 200 | : | |
| Columbus, OH 43212 | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| **-and-** | : | |
| | : | |
| **PEREGRINE HEALTH SERVICES, INC.,** | : | |
| c/o CPM Statutory Agent Corp. | : | |
| 950 Goodale Blvd., Suite 200 | : | |
| Columbus, OH 43212 | : | |
| | : | |
| **-and-** | : | |
| | : | |
| **PEREGRINE HEALTH SERVICES OF COLUMBUS, LLC,** | : | |
| c/o CPM Statutory Agent Corp. | : | |
| 950 Goodale Blvd., Suite 200 | : | |
| Columbus, OH 43212 | : | |
| | : | |
| **-and-** | : | |
| | : | |
| **PEREGRINE HEALTH SERVICES OF CINCINNATI, LLC,** | : | |
| c/o CPM Statutory Agent Corp. | : | |
| 950 Goodale Blvd., Suite 200 | : | |
| Columbus, OH 43212 | : | |
| | : | |
| **-and-** | : | |
| | : | |
| | : | |
| | : | |

**PEREGRINE HEALTH SERVICES OF**  :
**EDGERTON, LLC,**  :
c/o CPM Statutory Agent Corp.  :
950 Goodale Blvd., Suite 200  :
Columbus, OH 43212  :
  :
  **Defendants**.  :

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Elizabeth Shiflet ("Shiflet," "Plaintiff," or "Named Plaintiff") individually and on behalf of other members of the general public similarly situated, for her complaint against Defendant Healthcare Ventures of Ohio, LLC ("HVO" or "Defendant HVO"), Peregrine Health Services, Inc. ("Peregrine" or "Defendant Peregrine"), Peregrine Health Services of Columbus, LLC ("Peregrine Columbus" or "Defendant Peregrine Columbus"), Peregrine Health Services of Cincinnati, LLC ("Peregrine Cincinnati" or "Defendant Peregrine Cincinnati"), and Peregrine Health Services of Edgerton, LLC ("Peregrine Edgerton" or "Defendant Peregrine Edgerton") (collectively HVO, Peregrine, Peregrine Columbus, Peregrine Cincinnati, and Peregrine Edgerton hereinafter referred to as "Defendants"), for their failure to pay employees wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03 and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### I.  JURISDICTION AND VENUE

1.  This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants employed the Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants' principal place of business is in the Southern District of Ohio, to wit, 1661 Old Henderson Road, Columbus, Ohio 43220.

## II.     PARTIES

### Plaintiff

4.      Named Plaintiff is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.      Named Plaintiff was employed by Defendants beginning in or around January 2020 until April 2020.

6.      Named Plaintiff primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7.      At all times relevant, Plaintiff was a Registered Nurse ("RN") primarily at Defendants' facility located in Dublin, Ohio called The Convalarium.

8.      Named Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and she has given their written consent to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. The

Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**Defendants**

### a. HVO

9.       HVO is a domestic limited liability company that has its principal place of business in the Southern District of Ohio and operates and conducts substantial business activities in the Southern District of Ohio. HVO is a long-term care organization located throughout the State of Ohio. HVO provides transitional care, rehabilitation therapy, assisted living, long-term nursing, and Alzheimer's care. HVO may be served through its Registered Agent CPM Statutory 950 Goodale Blvd., Suite 200, Columbus, Ohio 43212.

### b. Peregrine

10.       Peregrine is a corporation for profit that has its principal place of business in the Southern District of Ohio and operates and conducts substantial business activities in the Southern District of Ohio. Peregrine is a long-term care organization with sixteen facilities located throughout the State of Ohio. Peregrine provides transitional care, rehabilitation therapy, assisted living, long-term nursing, and Alzheimer's care. Peregrine may be served through its Registered Agent CPM Statutory 950 Goodale Blvd., Suite 200, Columbus, Ohio 43212.

### c. Peregrine Columbus

11.       Peregrine Columbus is a domestic limited liability company that has its principal place of business in the Southern District of Ohio and operates and conducts substantial business activities in the Southern District of Ohio. Peregrine Columbus is a long-term care organization that provides transitional care, rehabilitation therapy, assisted living, long-term nursing, and

Alzheimer's care. Peregrine Columbus may be served through its Registered Agent CPM Statutory 950 Goodale Blvd., Suite 200, Columbus, Ohio 43212.

### d. Peregrine Cincinnati

12.     Peregrine Cincinnati is a domestic limited liability company that has its principal place of business in the Southern District of Ohio and operates and conducts substantial business activities in the Southern District of Ohio. Peregrine Cincinnati is a long-term care organization that provides transitional care, rehabilitation therapy, assisted living, long-term nursing, and Alzheimer's care. Peregrine Cincinnati may be served through its Registered Agent CPM Statutory 950 Goodale Blvd., Suite 200, Columbus, Ohio 43212.

### e. Peregrine Edgerton

13.     Peregrine Edgerton is a domestic limited liability company. Peregrine Edgerton is a long-term care organization that provides transitional care, rehabilitation therapy, assisted living, long-term nursing, and Alzheimer's care. Peregrine Edgerton may be served through its Registered Agent CPM Statutory 950 Goodale Blvd., Suite 200, Columbus, Ohio 43212.

14.     At all relevant times, Defendants have had direct or indirect control and authority over Plaintiff and other similarly situated employees' working conditions.  At all relevant times, Defendants exercised that authority and control over Plaintiff and other similarly situated employees.

15.     At all relevant times, Defendants have had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Plaintiff and other similarly situated employees.  At all relevant times, Defendants exercised that authority and control over Plaintiff and other similarly situated employees.

16.     At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

17. Upon information and belief, Defendants applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

18.     At all relevant times, Defendants suffered or permitted Plaintiff and other similarly situated employees to work. The work that Plaintiff and other similarly situated employees performed was for Defendants' benefit.

19.     Although Defendants may have registered numerous other "entities", those entities operate out of Defendants' corporate office space.  Defendants maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

20.     Defendants operate as an "employer" for the purposes of the FLSA and the Ohio Acts. Defendants are a single integrated enterprise and/or a joint employer of Plaintiff and all other similarly situated employees.

21.     At all times relevant, Defendants were an employer of Plaintiff and other similarly situated hourly employees as defined in the FLSA and the Ohio Acts.

22.     Defendants operate, control, and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

23.    At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.    FACTS

#### a.    Allegations regarding Defendants' Retention Bonus

24.    During her employment with Defendants, Named Plaintiff worked as a RN providing individualized nursing care plans.

25.    Defendants promised Named Plaintiff and other similarly situated employees a retention bonus contingent upon the employees working certain lengths of time.

26.    Specifically, Defendants were to pay the Named Plaintiff a retention bonus in the aggregate amount of $10,000.00. The $10,000.00 payment was to be paid as follows: $1,000.00 after thirty (30) days of employment, $2,000.00 after ninety (90) days of employment, $2,000.00 after six (6) months of employment, and $5,000.00 after one (1) year of employment. In order to receive the retention bonus payments, Named Plaintiff was required to remain an employee of Defendants on the date the bonus payments were to be earned.

27.    Defendants also employ Licensed Practical Nurses ("LPN") and State Tested Nursing Assistants ("STNA") who also received retention bonuses which were not included in their regular rate of pay for purposes of calculating the proper overtime rate of pay.

28.    Named Plaintiff received the $1,000.00 bonus; however, Defendants did not include this bonus when calculating Named Plaintiff's regular rate of pay for the purposes of calculating the proper overtime rate of pay.

29.     As a result, Defendants failed to properly pay Named Plaintiff and other similarly situated employees overtime at one and a half times their regular rate of pay for hours worked in excess of forty (40) in a work week.

**b.  Allegations regarding Defendants' meal deduction**

30.     Defendants automatically deducted 0.5 hours from Named Plaintiff's and Defendants' other RNs, LPNs, and STNAs compensable hours worked on each shift for a meal break regardless of whether they actually took an uninterrupted 0.5-hour meal break.

31.     Named Plaintiff's and Defendants' other RNs, LPNs, and STNAs were regularly unable to take a meal break; however, Defendants still deducted 30 minutes from their daily hours worked.

32.     Defendants knew or had reason to know they was not compensating Named Plaintiff and Defendants' other RNs, LPNs, and STNAs for working during their meal breaks.

33.     When Named Plaintiff informed HR that she was unable to take an uninterrupted thirty (30) minute meal break due to her continuing need to provide care for her patients, Defendants' HR  employees stated that Defendants had to make it appear as though Named Plaintiff and Defendants' other RNs, LPNs, and STNAs were clocked out for a thirty (30) minute meal break each shift.

34.     On one or more occasions, Named Plaintiff and other similarly situated employees worked more than 40 hours in workweeks.

35.     At all times relevant herein, Named Plaintiff and other similarly situated employees were hourly, non-exempt employees of Defendants as defined in the FLSA and the Ohio Acts.

36.     During relevant times, Defendants suffered and permitted the Named Plaintiff and similarly situated employees, including RNs, LPNs, and STNAs, to work more than forty (40)

hours in workweeks while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay because of: (1) their failure to properly calculate employees' regular rate of pay for overtime when they received additional non-discretionary bonuses, such as the retention bonus; and/or (2) their failure to pay for all hours worked because of the automatic meal deduction policy.

### c. Unlawful Deductions to Bring Employees Under Minimum Wage

37.     Plaintiff was hired with an hourly rate of $35.00 per hour.

38.     During Plaintiff's last workweek, she performed at least 13.50 hours of work.

39.     Plaintiff's first retention bonus payment was to be earned on February 29, 2020. This first payment was to be made on March 27, 2020.

40.     Defendants paid Plaintiff her first retention bonus payment of $1,000 on April 10, 2020 for the pay period on March 22, 2020 until April 4, 2020.

41.     Thereafter, Plaintiff was on quarantine for a week.

42.     During the following week, the nurse who was assigned to relieve Plaintiff did not report to work. At that time, Plaintiff contacted her manager to report that the nurse had not reported to work. Plaintiff's manager responded by stating she would not come in to relieve Plaintiff even though she was on call. Plaintiff's manager further stated that Plaintiff needed to work because she had not worked in over a week and that she should be ashamed of herself. This was Plaintiff's last day of employment.

43.     On her last paycheck, Defendants deducted $522.39 from her wages purportedly to take back a portion of the retention bonus payment and paid her nothing. Plaintiff's last paycheck reflects she was paid -$49.89.

44. Defendants' deduction of the retention bonus brought Plaintiff's hourly rate below minimum wage as she received no compensation for at least 13.50 hours of work.

45. Defendants' deduction of the retention bonus and decision to pay Plaintiff no compensation for her last week of work was a violation of the FLSA and Ohio Wage Act.

46. During relevant times, Defendants suffered and permitted the Named Plaintiff and similarly situated employees, including RNs, LPNs, and STNAs, to work without paying them at least minimum wage because of their decision, policy, or practice of taking unlawful deductions from employees' pay.

47. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

48. Defendants' failure to compensate Named Plaintiff and other RNs, LPNs, and STNAs as set forth above resulted in unpaid minimum wage and/or unpaid overtime wages.

## IV. FLSA COLLECTIVE ALLEGATIONS

### A. Overtime Collective

49. The Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA overtime collective consists of the following:

> All current and former hourly, non-exempt employees of Defendants who: (1) received a retention bonus and worked over 40 hours in any workweek covered by the retention bonus; or (2) were unable to take an uninterrupted 30-minute meal break during any workweek that they worked at least 40 hours, during the three (3) years preceding the filing of this Complaint and continuing through the final disposition ("FLSA Overtime Collective" or "FLSA Overtime Collective Members").

50. Named Plaintiff and putative FLSA Overtime Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

51. During the last three years, Defendants have not paid Named Plaintiff and Defendants' other similarly situated employees, including RNs, LPNs, and STNAs, all overtime wages earned for the overtime work they performed.

### B. Minimum Wage Collective

52. The Named Plaintiff brings her FLSA minimum wage claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA minimum wage collective consists of the following:

> All current and former hourly, non-exempt employees of Defendants who did not receive wages in excess of minimum wage for all hours worked because of Defendants' deductions during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Minimum Wage Collective" or "FLSA Minimum Wage Collective Members"). (FLSA Overtime Collective and FLSA Minimum Wage Collective hereinafter collectively referred to as "FLSA Collective" or "FLSA Collective Members")

53. Named Plaintiff and putative FLSA Minimum Wage Collective Members were all subject to the same policies or practices described above which resulted in unpaid minimum wages.

54. During the last three years, Defendants have not paid Named Plaintiff and Defendants' other similarly situated employees, including RNs, LPNs, and STNAs, at least minimum wage for all hours worked.

55. The preceding FLSA claims are brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid minimum wages, unpaid overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative FLSA Collective Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and

practices. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

56.     The identity of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## V.     RULE 23 CLASS ALLEGATIONS

57.     The Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following subclasses:

- All current and former hourly, non-exempt employees of Defendants who: (1) received a retention bonus and worked over 40 hours in any workweek covered by the retention bonus; or (2) were unable to take an uninterrupted 30-minute meal break during any workweek that they worked at least 40 hours, during the two (2) years preceding the filing of this Complaint and continuing through the final disposition ("Ohio Rule 23 Overtime Subclass" or "Ohio Rule 23 Overtime Subclass Members").

- All current and former hourly, non-exempt employees of Defendants who did not receive wages in excess of minimum wage for all hours worked because of Defendants' deductions during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Minimum Wage Subclass" or "Ohio Rule 23 Minimum Wage Subclass Members") (collectively the Ohio Rule 23 Overtime Subclass and Ohio Rule 23 Minimum Wage Subclass will be referred to as the "Ohio Rule 23 Class")

58.     The Ohio Rule 23 Class includes all current or former non-exempt employees employed by Defendants throughout the State of Ohio as defined above.

59.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

60.     The Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid overtime and minimum wages are typical of the claims of other members of the Ohio Rule 23 Class.

61.     The Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

62.     The Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

63.     The Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

64.     Questions of law and fact are common to the Ohio Rule 23 Class.

65.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

66.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Ohio Rule 23 Class as a whole.

67.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

68.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class certain overtime wages for hours worked in excess of forty hours per week; (b) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class minimum wage for all hours worked; (c) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (d) whether Defendants calculated the Ohio Rule 23 Class's overtime rate of pay as required by the statute; (e) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (f) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (g) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

69.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. The Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.     CAUSES OF ACTION

### <u>FIRST CAUSE OF ACTION:</u>
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

70.     All of the preceding paragraphs are realleged as if fully rewritten herein.

71.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the FLSA Overtime Collective.

72.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

73.     During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiff and the FLSA Overtime Collective Members.

74.     The Named Plaintiff and the FLSA Overtime Collective Members worked in excess of 40 hours in workweeks.

75.     The Named Plaintiff and the FLSA Overtime Collective Members were not fully and properly paid all overtime wages earned because Defendants: (1) did not properly calculate employees' overtime rates when they earned nondiscretionary bonus payments, such as the retention bonus; and/or (2) took daily automatic meal deductions regardless of whether employees received an uninterrupted 0.5-hour meal break.

76.     Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Overtime Collective by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek as described herein.

77.     The Named Plaintiff and the FLSA Overtime Collective Members were not exempt from receiving FLSA overtime benefits.

78.     Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Overtime Collective Members are entitled.

79.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the FLSA Overtime Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

80.     As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the FLSA Overtime Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Overtime Collective Members.

## SECOND CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES

81.     All of the preceding paragraphs are realleged as if fully rewritten herein.

82.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the FLSA Minimum Wage Collective.

83.     During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiff and the FLSA Minimum Wage Collective.

84.     The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

85.     During the three years preceding the filing of this Complaint, the Named Plaintiff and the FLSA Minimum Wage Collective Members were non-exempt, hourly employees.

86.     At times during their employment, Defendants paid Named Plaintiff and the FLSA Minimum Wage Collective Members less than minimum wage for all hours worked because Defendants took deductions from their pay.

87.     Defendants violated the FLSA when they failed to pay Named Plaintiff and the FLSA Minimum Wage Collective Members the federal minimum wage.

88.     The exact total amount of compensation that Defendants have failed to pay the Named Plaintiff and the FLSA Minimum Wage Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

89.     As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the FLSA Minimum Wage Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Minimum Wage Collective Members.

### THIRD CAUSE OF ACTION:
### R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

90.     All of the preceding paragraphs are realleged as if fully rewritten herein.

91.     This claim is brought under the Ohio Wage Act.

92.     The Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

93.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the

exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

94.     The Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid the required overtime wages for all of such time spent working because Defendants: (1) did not properly calculate employees' overtime rates when they earned nondiscretionary bonus payments, such as the retention bonus; and/or (2) took daily automatic meal deductions regardless of whether employees received an uninterrupted 0.5-hour meal break.

95.     The Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members were not exempt from the wage protections of Ohio Law.

96.     Defendants' repeated and knowing failures to pay overtime wages to the Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members were entitled.

97.     For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and the Ohio Rule 23 Overtime Subclass Members have suffered and continue to suffer damages, the Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Rule 23 Overtime Subclass Members.

**<u>FOURTH CAUSE OF ACTION:</u>
RULE 23 CLASS ACTION FOR MINIMUM WAGE VIOLATIONS**

98.     All of the preceding paragraphs are realleged as if fully rewritten herein.

99.     This claim is brought as part of a class action by the Named Plaintiff on behalf of herself and the Ohio Rule 23 Minimum Wage Subclass.

100.    The Ohio Wage Act requires that employees receive at wages at a minimum rate that varies on a year to year basis.[1]

101.    During the two years preceding the filing of this Complaint, the Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members were non-exempt, hourly employees.

102.    At times during their employment, Named Plaintiff's and the Ohio Rule 23 Minimum Wage Subclass Member's wages did not meet or exceed the Ohio minimum wage rate for all hours worked in the respective workweeks.

103.    Defendants violated the Ohio Wage Act when they failed to pay Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members the Ohio minimum wage.

104.    The exact total amount of compensation that Defendants have failed to pay the Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not otherwise kept.

105.    As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the Ohio Rule 23 Minimum Wage Subclass Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio Rule 23 Minimum Wage Subclass Members.

## FIFTH CAUSE OF ACTION:
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

106.    All of the preceding paragraphs are realleged as if fully rewritten herein.

---

[1] For 2018, Ohio's minimum wage was $8.30 per hour. For 2019, Ohio's minimum wage was $8.55 per hour. For 2020, Ohio minimum wage is $8.70 per hour.

107.    The Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

108.    During all relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

109.    The OPPA requires Defendants to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

110.    During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including minimum and overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

111.    The Named Plaintiff and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

112.    In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## SIXTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

113.    All of the preceding paragraphs are realleged as if fully rewritten herein.

114.    The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq.*

115.    During times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

116.    Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

117.    During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

118.    In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

### VII.    **PRAYER FOR RELIEF**

**WHEREFORE**, as to Counts I through VI, Named Plaintiff requests judgment against Defendants for an Order:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Overtime Collective and FLSA Minimum Wage Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.    Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D.    Finding Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that as a result, Named Plaintiff, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E.       Awarding to Named Plaintiff, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, unpaid overtime and minimum wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F.       Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime and minimum wages to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.       Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H.       Awarding Named Plaintiff, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I.       Awarding Named Plaintiff, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J.       Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and the Ohio Wage Act;

K.       Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L.       Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorney for Named Plaintiff*
*and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman