## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ELIZABETH SHIFLET,**

    **Plaintiff,**

  v.                              **Case No.: 2:20-cv-3428**
                                    **JUDGE EDMUND A. SARGUS, JR.**
                                    **Magistrate Judge Kimberly A. Jolson**

**HEALTHCARE VENTURES OF**
**OHIO, LLC,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. (ECF No. 6). For the following reasons, Plaintiff's Motion for Conditional Class Certification (ECF No. 6) is **GRANTED** subject to the conditions of this Opinion and Order.

**I.**

Plaintiff, Elizabeth Shiflet, brings this action against Defendants Healthcare Ventures of Ohio, LLC ("HVO"), Peregrine Health Services, Inc. ("Peregrine"), Peregrine Health Services of Columbus, LLC, Peregrine Health Services of Cincinnati, LLC, and Peregrine Health Services of Edgerton, LLC (collectively "Defendants"). Plaintiff alleges Defendants are a single integrated enterprise and/or joint employer. (Compl. ⁋ 20, ECF No. 1). Plaintiff raises claims under the Fair Labor Standards Act ("FLSA") that Defendants failed to pay overtime to her and other similarly situated employees, and that Defendants paid less than minimum wage to her and other similarly situated employees. Plaintiff also raises claims under State law, which are not the subject of the motion at bar.

1

According to Plaintiff, Defendants are long-term care organizations that provide transition care, rehabilitation therapy, assisted living, long-term nursing, and Alzheimer's care in Ohio. (*Id.* at ¶¶ 9–13). Plaintiff maintains that she worked as a Registered Nurse for Defendants, and was primarily located at their Dublin, Ohio facility called The Convalarium. (*Id.* at ¶¶ 5–7). She states that she and other similarly situated employees worked for Defendants as hourly, non-exempt employees. (*Id.* at ¶ 35). Allegedly, on one of more occasion she and other nurses worked in excess of forty hours, but Defendants failed to pay overtime premiums both at the proper rate and for all overtime hours. (*Id.* at ¶ 36). This was based on a policy of making automatic meal deductions even when meal breaks were untaken or interrupted, as well as a failure to include non-discretionary bonuses in the calculation of employees' regular rate of pay for overtime purposes. (*Id.* at ¶ 31, 36). Plaintiff maintains that Defendants paid her and others below minimum wage when Defendants deducted retention bonuses from their final week's pay. (*See id.* at ¶¶ 44–46). And, Plaintiff alleges that Defendants' conduct was knowing and willful. (*Id.* at ¶ 47).

Plaintiff moved for conditional class certification and in support of her motion Plaintiff has submitted declarations from herself and two others, a paystub, and job descriptions posted online for employment with Defendants. (ECF No. 6, Exs. 2–4). Each declarant works or worked for HVO and Peregrine but was employed at a different location and in a different healthcare related position. (*compare* Shiflet Decl. at ¶ 2, ECF No. 6-2, *with* Sensabaugh Decl. at ¶ 2, *and* Williams Decl. at ¶ 2, ECF No. 6-3). They each allege to have personal knowledge that the Defendants had a companywide policy or practice of deducting thirty minutes per day from the compensable time worked of hourly, non-exempt Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), State Tested Nursing Assistants ("STNAs"), and Certified Nursing Assistants ("CNAs"). (Shiflet Decl. at ¶ 8, Sensabaugh Decl. at ¶ 7, Williams Decl. at ¶ 7). They further allege that they and

others were regularly unable to take a full, 30-minute meal break, but that Defendants still deducted 30 minutes from their compensable hours worked. (Shiflet Decl. at ¶¶ 7–9, Sensabaugh Decl. at ¶¶ 7–10, Williams Decl. at ¶¶ 7–11).

Through her declaration, Plaintiff avers that she had a specific conversation with a human resources employee in which "[HR] said legally they had to make it look on paper like I took a 30-minute meal break so the meal deduction would continue to be applied." (Shiflet Decl. at ¶ 10). Additionally, Plaintiff states that she and others received retention bonuses, which Defendants did not include in the calculations for overtime rate of pay, and which Defendants had a policy of later deducting from their pay if the employee did not remain employed through the entire retention period. (*Id.* at ¶¶ 13–18).[1]

Defendants oppose conditional certification, and have filed their response (ECF No. 14), to which Plaintiff has replied (ECF No. 16). The motion is now ripe for review.

**II.**

Plaintiff moves for conditional certification under 29 U.S.C. § 216(b). Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly

---

[1] While the Plaintiff refers to these bonuses as retention bonuses in her declaration, they are also referred to in the briefs as "sign-on" bonuses. (*E.g.*, ECF No. 14 at 10; ECF No. 16 at 12).

3

situated;'" and (2) "must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

"For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546. This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547).

In order to obtain conditional certification a plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). A plaintiff can meet this burden by demonstrating that she and the other putative class members "'suffer from a single, FLSA-violating policy' or [that] their claims are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)).

**III.**

A. **Similarly Situated**

Plaintiff requests that the Court conditionally certify the following class, made up of two sub-classes:

> All current and former hourly, non-exempt healthcare[2] employees of Defendants who: (1) received a retention bonus and worked over 40 hours in any workweek covered by the retention bonus; or (2) were unable to take an uninterrupted 30-minute meal break during any workweek that they worked at least 40 hours, during the three years preceding the filing of this Motion and continuing through the final disposition of this case. (the "Overtime Subclass").
>
> All current and former hourly, non-exempt healthcare employees of Defendants who did not receive wages in excess of minimum wage for all hours worked because of Defendants' deductions during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case. (the "Minimum Wage Subclass") (Collectively, the Overtime Subclass and Minimum Wage Subclass will be referred to as the "FLSA Class Members").

(*See* Mot. for Cond. Cert. at 2, ECF No. 6, *as modified by* Pl. Reply at 2, ECF No. 16)[3] (emphasis omitted). Defendants urge the Court to deny Plaintiff's motion, arguing: (1) Plaintiff has provided insufficient supporting evidence, (2) Plaintiff is not similarly situated to other members of the proposed class, and (3) Plaintiff's proposed class is not manageable. The Court finds these contentions unpersuasive.

First, Defendants assert that Plaintiff has failed to provide sufficient evidence in support of her motion. Specifically, Defendants argue that Plaintiff's proffered declarations are vague, generic, and speculative. (Def. Opp'n at 6, ECF. No. 14). And, that the allegations that Defendants had a companywide policy that resulted in deductions and nonpayment for work done are conclusory. (*Id.* at 8). The evidence Plaintiff submitted includes three sworn declarations by

---

[2] "Healthcare" employees includes Registered Nurses ("RNs"), Licensed Practical Nurses (LPNs")[sic], State Tested Nursing Assistants ("STNAs"), and other medical personnel providing direct care.

[3] Plaintiff refines for clarity the class definition by inserting "healthcare" before "employees" in her Reply, along with a footnote defining healthcare. (Pl. Reply at 2, ECF No. 16).

current and former employees of Defendants stating personal knowledge that Defendants had a policy or practice through which they failed to pay overtime premiums both at the proper rate and for all overtime hours. (Shiflet Decl. at ¶ 7, Sensabaugh Decl. at ¶ 7, Williams Decl. at ¶ 7). This evidence, including these sworn declarations, is sufficient to meet the "modest" evidentiary requirement of this stage. *Myers v. Marietta Memorial Hospital*, 201 F.Supp.3d 884, 896 (S.D. Ohio Aug. 17, 2016); *see also*, *Douglas v. GE Energy Renter Stokes*, No. 1:07-cv-77, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007) ("At the notice stage, the district court makes a decision—based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.").

Second, Defendants assert that Plaintiff is not similarly situated to other putative class members. The differences Defendants observe include differences in positions, differences in employer and locations of employment, differences in policy based on location, and a difference between Plaintiff and the rest of the class regarding the sign-on bonus-based claim. However, as mentioned above, Plaintiff need only show that "h[er] position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). (Pl. Reply at 12, 16, ECF No. 16). And, Plaintiff can meet this burden by demonstrating that she and the other putative class members' claims are "'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)). Plaintiff asserts that the meal break deductions and the retention/sign-on bonus deductions are the common theories of Defendants'

6

statutory violations. This is sufficient similarity between Plaintiff and the other putative class members to meet her burden.

Regarding Defendants' assertion that the Plaintiff and declarants (and the class generally) were not employed by the same entity, that is a fact in dispute. (*Compare* Def. Opp'n at 9, ECF. No. 14 *with* Pl. Reply at 9–11, ECF No. 16). During this stage, the Court generally does not, and will not here, consider the merits of the claims, resolve factual disputes, or evaluate credibility. *E.g.*, *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011); *Lacy v. Reddy Elec. Co.*, 2011 WL 6149842 at *3 (S.D. Ohio Dec. 9, 2011). Plaintiff's supported allegations are sufficient at this stage of the proceedings.

Third, the Court disagrees that the proposed class would not be manageable. It is common in FLSA cases to certify similar types of classes successfully.

Defendants also argue that Plaintiff's request for certification is premature and should be delayed until after the parties conduct limited discovery. (Def. Opp'n at 13, ECF. No. 14). Plaintiff replies that she has submitted sufficient evidence for conditional certification and that the Court routinely grants conditional certification prior to discovery, (Pl. Reply at 18, ECF No. 16). Plaintiff is correct. The Sixth Circuit has prescribed the first phase of the two-phase certification inquiry to take place "at the beginning of discovery." *Comer*, 454 F.3d at 546. "[T]he conditional-certification framework contemplates that [] discovery will be conducted after the first phase—conditional certification—and before the second phase—final certification or decertification." *Myers*, 201 F.Supp.3d at 893. The Court therefore does not view certification as premature, nor does it see a need to delay certification so that limited discovery may be conducted.

For the reasons stated above, the Court **GRANTS** conditional class certification to Plaintiff's proposed class.

7

### B. Notice

Plaintiff attached a proposed notice form to its Motion for Conditional Class Certification. Defendants raise numerous objections to the proposed notice, including the definition of the class that will be provided in the notice. And alternatively, Defendants request a hearing to both determine the appropriate class and give them the opportunity to provide input into the form and content of the notice. The Court finds a hearing unnecessary but will grant Defendants seven days to confer with Plaintiff over the form and content of the notice. This conference between the parties is not intended for the discussion of the class definition, which has now been decided.

The parties shall meet and confer and submit a proposed notice form within **SEVEN (7) DAYS** of the date of this Opinion and Order. Although the Court expects the parties to finalize an extrajudicial resolution, if they are unable to reach an agreement, they shall file notice with the Court that they are unable to agree. The Court will then determine the contents of the notice based on the briefings previously submitted but will not entertain further briefing on the matter.

### C. Discovery

Plaintiff requests that Defendants be directed to provide contact information for all persons who fit the class definition within fourteen days of the issuance of this Opinion and Order. (ECF No. 6 at 2). Defendants have not objected to this, and notably did request a delay for limited discovery. (ECF No. 14 at 13). Plaintiff's discovery request is **GRANTED**. Defendants will provide the contact information of all persons who fit the class definition without **FOURTEEN (14) Days** of the date of this Opinion and Order.

## IV.

For the reasons stated above, Plaintiff's Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs, (ECF No. 6), is **GRANTED** subject to the conditions outlined within this Opinion and Order. The parties should confer as to the proper form of notice and submit a proposed notice form, or notice of their failure to agree, within **SEVEN (7) DAYS** of the date of this Opinion and Order. Defendants should also produce contract information for their hourly, non-exempt healthcare employees fitting the class description during the relevant period within **FOURTEEN (14) DAYS**.

**IT IS SO ORDERED.**

**11/2/2020**                                             **s/Edmund A. Sargus, Jr.**
**DATED**                                               **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**